# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| VOGT PROPERTIES, INC. | § | |
| | § | |
| VS. | § | CASE NO. 4:17-cv-506 |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |

## *ON REMOVAL FROM:*

### CAUSE NO. 380-02720-2017

| | | |
|---|---|---|
| VOGT PROPERTIES, INC. | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | 380TH JUDICIAL DISTRICT |

## EXHIBIT 5

## ALL DOCUMENTS FILED IN STATE COURT

| | Document Name | Filed Date |
|---|---|---|
| A | Original Petition | 6/13/17 |
| B | Defendant's Original Answer | 7/17/17 |
| C | Notice of Removal to Federal Court | 7/19/17 |

Filed: 10/19/2015 11:56:59 AM
Andrea S. Thompson
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 7431141

380-04347-2015

CAUSE NO. _____

| | | |
|---|---|---|
| VOGT PROPERTIES, INC. | § | IN THE _____ DISTRICT COURT |
| | § | |
| v. | § | IN AND FOR |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | COLLIN COUNTY, TEXAS |

## <u>ORIGINAL PETITION</u>

TO THE HONORABLE COURT:

Plaintiff, Vogt Properties, Inc., files this Original Petition complaining of Philadelphia Indemnity Insurance Company and would show:

### DISCOVERY

1.      Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiffs request discovery in this case under level 3 Rule 190.4 Texas Rules of Civil Procedure.

### PARTIES

2.      Plaintiff, Vogt Properties, Inc. is a domestic corporation and a resident at 720 Preston Trace, Frisco, TX 75033, Collin County, Texas.

3.      Defendant, Philadelphia Indemnity Insurance Company ("Philadelphia") is a Pennsylvania corporation doing business in the State of Texas. It may be served through its Registered Agent CT Corporation System at 1999 Bryan Street Suite 900, Dallas, TX 75201 – 3136.

### VENUE & JURISDICTION

4.      Venue is proper in Collin County, Texas, pursuant to Texas Civil Practice & Remedies Code section 15.035 and 15.0115.

5.      Plaintiffs claim damages within the jurisdictional limits of this court.

6.     Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs seek monetary relief of between $200,000 and $1,000,000.

### FACTS

7.     On or about April 3, 2014, the property located at, 9250 Pasadena Dr., Frisco, TX 75033 suffered a casualty loss due to a hail storm.

8.     Plaintiff had an insurance policy with Philadelphia, identified under policy number PHRA15010868134. After the loss, Plaintiff's representatives filed a claim with Philadelphia and retained a public adjuster, Brady Sandlin to investigate the claim.

9.     Philadelphia hired Jim Greenhaw from Vericlaim to investigate the claim. Mr. Greenhaw performed an evaluation of the property but refused to provide written documentation regarding his findings to Plaintiff. Philadelphia did not disclose its relationship with either Vericlaim or Mr. Greenhaw prior to his investigation, and did not disclose Mr. Greenhaw's previous biased investigations on behalf of other insurance companies.

10.     On April 13, 2015, in an effort to move forward with the evaluation of the damage to the property, Plaintiff, through its public adjuster, initiated the appraisal process under the policy and named its appraiser, Brian Haden.

11.     On April 20, Defendant's Claims Specialist, Greg Hagopian responded, refusing to participate in the appraisal process and breaching the contract. Defendant's alleged reasoning for breaching the contract was that "an expert will be needed and until that is done, the Appraisal process may not be invoked." The policy does not have a requirement that an engineer inspect the property prior to the invocation of the appraisal process. Thus, Mr. Hagopian directly misrepresented the rights and responsibilities of the parties pursuant to the policy in violation of the Texas Insurance Code.

12.     On July 6, 2015, in an effort to seek a mutual resolution of the claim and move forward with the appraisal process, the insured allowed Defendant's adjuster from Vericlaim, Mr. Greenhaw, and an engineer from HAAG Engineering to inspect the loss location. Mr. Jenner submitted an engineering report to Plaintiff and Defendant finding recoverable damaged to insured properties. Despite the findings of its retained engineer and the weather data and pricing information provided by Plaintiff and its representatives, Defendant refused to acknowledge liability, pay the claim, or move forward with the invoked appraisal process.

13.     On August 3, 2015, Plaintiff's adjuster again demanded that the insurance company comply with its obligations under the policy and participate in the appraisal process. To date, Defendant has refused to respond, in breach of the policy contract and in violation of the Texas Insurance Code.

14.     Plaintiff has sustained damage as a result of Defendant's breach of the insurance contract and violations of the Texas Insurance Code, including unrepaired damage to the property, attorney's fees, and costs.

## CAUSES OF ACTION

15.     **Appointment of an Umpire.** Pursuant to the language of the insurance policy, Plaintiff requests the Court appoint an umpire to determine the replacement cost value of the damaged property, the actual cash value of the damaged property, and the depreciation associated with the damaged property.

16.     **Breach of Contract.** Plaintiff incorporates the allegations of paragraphs 7-14 the same as if fully set forth herein. Plaintiff and Defendant entered into an insurance contract that required Philadelphia to insure the property against casualty loss and participate in the appraisal

process when there was a dispute regarding scope or value of the loss. Philadelphia breached the insurance contract. Philadelphia's breach caused Plaintiff damages.

17.     **Violations of the Texas Insurance Code.** Plaintiff incorporates the allegations of paragraphs 7-11 the same as if fully set forth herein. Philadelphia failed to, with good faith, effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims when liability was reasonably clear in violation of Texas Insurance Code Section 541.060(a)(2)(A). Specifically, Philadelphia refused to pay for repair or replacement of the roofing structures, exteriors, and HVAC units after being presented with information of both the scope and the value of the loss sustained by Plaintiffs. Plaintiff is entitled to its actual damages plus an 18% penalty.

18.     In addition, Philadelphia refused to timely investigate the claim, including the failure to adequately investigate the scope and extent of the loss and the failure to adequately investigate the scope and damage estimates provided by Plaintiff's representatives.

19.     Philadelphia, and its representatives, also refused to perform an adequate investigation, instead, intentionally or negligently ignoring damage and refusing to acknowledge the findings of its own experts.

20.     Philadelphia also attempted to force an inadequate and uninformed settlement on Plaintiffs, and to intentionally interfere with Plaintiffs' rights under the contract and Texas Insurance Code including appraisal. Philadelphia's misrepresentation of coverage is a violation of Texas Insurance Code section 541.060(a)(1).

21.     Additionally, Philadelphia failed to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts of the claim, for Philadelphia's denial of coverage to certain damage and failed to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts of the claim for Philadelphia's

refusal to accept Plaintiff's offer of compromise settlement in violation of Texas Insurance Code section 541.060(a)(3).

22.     Further, Philadelphia has committed unfair acts and practices in violation of Texas Insurance Code section 541.061 by:

a) making untrue statements of material fact concerning the policy, the scope of damage, and coverage for the loss under the policy;

b) failing to disclose material facts necessary to make other statements misleading; and

c) making statements in a manner that led Plaintiff to false conclusions of material fact.

Specifically, Philadelphia, directly and through its agents, misrepresented the scope of the loss, the cost of repairs, the coverage for the loss and fees for investigation under the policy, and the objectivity and competence of Philadelphia's claims representatives. These representations were made by Philadelphia's Claims Specialist, Greg Hagopian, its independent adjuster, Mr. Greenhaw, and its engineer, Mr. Jenner.

23.     Philadelphia acted knowingly and intentionally. Plaintiffs were damaged by Philadelphia's acts and omissions. Plaintiffs are entitled to actual damages and additional or exemplary damages as allowed by law, including treble damages and attorney's fees under Texas Insurance Code section 541.152.

## ATTORNEYS' FEES

24.     **Attorneys' Fees.** As a result of Philadelphia's breach, Plaintiff retained the undersigned counsel. Plaintiff agreed to pay the undersigned counsel a reasonable fee. Plaintiff is entitled to recover attorney's fees under Texas Civil Practice & Remedies Code §§ 37.009 and 38.001 and the terms of the lease contract.

## JURY DEMAND

25.    Plaintiff requests a jury.

## PRAYER

Plaintiff respectfully requests the Defendant be cited to appear and answer and that upon

final trial by jury, Plaintiff recover against Defendant the following:

1.    Actual damages for the repair of all claimed damage;

2.    Exemplary damages;

3.    18% interest penalties;

4.    Pre-judgment and post-judgment interest as allowed by law;

5.    Attorney's fees;

6.    Costs of court; and

7.    Any other relief to which Plaintiff shows itself entitled in law or in equity.

Respectfully Submitted,

Cara Kennemer
State Bar No. 24036489
Benjamin D. Doyle
State Bar No. 24080865
ben.doyle@uwlaw.com
UNDERWOOD LAW FIRM P.C.
500 South Taylor, Suite 1200
P.O. Box 9158
Amarillo, TX 79104
Telephone: (806) 379-0336
Fax: (806) 349-9476

By: Benjamin D. Doyle

**ATTORNEYS FOR PLAINTIFF**

# KANE RUSSELL
# COLEMAN LOGAN

Filed: 7/17/2017 1:14 PM
Lynne Finley
District Clerk
Collin County, Texas
By Brandi Bullard Deputy
Envelope No. 18123002

WILLIAM R. PILAT
Direct:  713-425-7488
E-mail:  wpilat@krcl.com

July 17, 2017

**Via E-File**
Ms. Lynne Finley, District Clerk
Collin County Courthouse
2100 Bloomdale Road, Suite 12132
McKinney, Texas 75071

<p style="margin-left:2em">Re:     Cause No. 380-02720-2017; *Vogt Properties, Inc. v. Philadelphia Indemnity Insurance Company*; In the 380th Judicial District Court of Collin County, Texas</p>

Dear Ms. Finley:

Please find enclosed the following document for filing in the above-referenced case: **Defendant's Original Answer.**

Sincerely,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: _____/s/ William R. Pilat_____
      William R. Pilat

WRP/wjd
Attachment

cc:     **Via E-File**
       Mr. Benjamin D. Doyle
       Ms. Kelly Utsinger
       Underwood Law Firm, P.C.
       500 South Taylor, Suite 1200
       Amarillo, Texas 79104
       *(with attachment)*

Dallas
1601 Elm Street
Suite 3700
Dallas, Texas 75201
214 777 4200

Houston
5051 Westheimer Road
Suite 1000
Houston, Texas 77056
713 425 7400

5447516 v1 (55220.00216.000)

Filed: 7/17/2017 1:14 PM
Lynne Finley
District Clerk
Collin County, Texas
By Brandi Bullard Deputy
Envelope ID: 18233002

## CAUSE NO. 380-02720-2017

| | | |
|---|---|---|
| VOGT PROPERTIES, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 380TH JUDICIAL DISTRICT |

### DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

Philadelphia Indemnity Insurance Company, the Defendant in the above-styled and numbered cause ("Defendant"), files this Original Answer in response to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.

### GENERAL DENIAL

1.    As permitted by Rule 92 of the Texas Rules of Civil Procedure, Defendant enters a general denial of all the matters pled by Plaintiff and requests that the Court require Plaintiff to prove all of its charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### II.

### AFFIRMATIVE DEFENSES

2.    By way of affirmative defense, if the same should be necessary, and as permitted by Rule 94 of the Texas Rules of Civil Procedure, Defendant asserts the following as to the claims and causes of action brought against it by Plaintiff:

---

a.     With regard to Plaintiff's claims for violation of various provisions of chapter 541 of the Texas Insurance Code, Defendant alleges that Plaintiff is barred from asserting such claims by reason of its failure to provide proper written notice of such claims prior to filing suit, as required by section 541.154(b) of the Insurance Code.

b.     Pleading further and in the alternative, as to Plaintiff's claims for breach of the common-law duty of good faith and fair dealing and violation of the unfair claims settlement practices provisions of chapter 541 of the Insurance Code, Defendant alleges that a bona fide dispute exists, precluding liability and Plaintiff's recovery of damages under these extra-contractual theories. *U.S. Fire Ins. Co. v. Williams*, 955 S.W.2d 267, 268 (Tex. 1997); *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 17 (Tex. 1994).

c.     Pleading further and in the alternative, Defendant alleges that Plaintiff's claims based upon an alleged misrepresentation, inducement or reliance on a representation fail as a matter of law because the language of an insurance policy controls and the insured has a duty to read and be familiar with the terms of her own insurance policy. *Heritage Manor of Blaylock Props., Inc. v. Petersson*, 677 S.W.2d 689, 691 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 792 (Tex. App.—Dallas 2011, no pet.); *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co.*, 927 S.W.2d 296, 300 (Tex. App.—El Paso 1996) ("[A]n insured has a duty to read the policy and, failing to do so, would be charged with knowledge

of the policy terms and conditions."), *aff'd*, 966 S.W.2d 482 (Tex. 1998). Further, an insured is bound to the terms of the policy whether he reads it or not. *Howard v. Burlington Ins. Co.*, 347 S.W.3d at 792 (citing *Manion v. Security Nat'l Ins. Co.*, No. 13-01-248-CV, 2002 WL 34230861, *3 (Tex. App.— Corpus Christi Aug. 15, 2002, no pet.)); *Ruiz v. Gov't Employees Ins. Co.*, 4 S.W.3d 838, 841 (Tex. App.—El Paso 1999, no pet.).

    d.    Pleading further and in the alternative, Defendant alleges that Plaintiff's claims that "Defendant was negligent and grossly negligent in conducting its inspection and investigation" fails to plead a cause of action cognizable under Texas law. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("In essence, Texas law does not recognize a cause of action for negligent claims handling.").

    e.    Pleading further and in the alternative, Defendant alleges that under Texas law, coverage under a policy of insurance cannot be created by waiver or estoppel. *Ulico Cas. Co. v. Allied Pilots Assn.*, 262 S.W.3d 773, 778-79 (Tex. 2008) (citing *Farmers Tex. County Mut. Ins. Co. v. Wilkinson*, 601 S.W.2d 520 (Tex. Civ. App.—Austin 1980, writ ref'd n.r.e.)).

    f.    Pleading further and in the alternative, Defendant alleges that if Plaintiff's damages, if any, resulted from both covered and non-covered causes of loss, Plaintiff bears the burden of segregating the damages which resulted from covered causes of loss. *See Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp.*, 735 F.Supp.2d 650, 669 (S.D. Tex. 2010); *All*

*Saints Catholic Church v. United Nat'l Ins. Co.*, 257 S.W.3d 800 (Tex. App.—Dallas 2008, no pet.); *Feiss v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004).

      g.    Pleading further and in the alternative, Defendant asserts the defenses of waiver and estoppel as provided under applicable law.

      h.    Pleading further and in the alternative, Defendant alleges it is entitled to a credit or offset for all monies it paid Plaintiff on Plaintiff's insurance claim under the insurance contract between Defendant and Plaintiff. Defendant therefore asserts the affirmative defenses of offset, credit and payment.

      i.    Pleading further and in the alternative, Defendant alleges that discovery in this case may show that Plaintiff failed to mitigate its damages, as required by the insurance contract and Texas law, and Plaintiff's claims and causes of action may therefore be barred in whole or in part.

      j.    Pleading further and in the alternative, Defendant asserts the coverage language, exclusions, limitations, definitions and defenses reflected in the insuring agreement between Defendant and Plaintiff, which defendant issued under policy number PHPK1063294, including but not limited the following:

      (1)    *Property Coverage Form* (PI-ULT-007 11.98), modified by *Texas Changes* endorsement (form PI-ULT-043 01.01):

        **A.  Coverage**

          We will pay for direct physical "loss" to Covered Property caused by or resulting from any of the Covered Causes of Loss.

**B.  Exclusions**

See the Causes of Loss Form.

**E.  Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**3.  Duties In The Event Of Loss Or Damage**

a.  You must see that the following are done in the event of "loss" to Covered Property:

\*   \*   \*

(2)  Give us prompt notice of the "loss" or damage. Include a description of the property involved.

(3)  As soon as possible, give us a description of how, when and where the "loss" or damage occurred.

(4)  Take all reasonable steps to protect the Covered Property from further damage by and of the Covered Causes of Loss.  If feasible, set the damaged property aside and in the best possible order for examination.  Also, keep a record of your expenses for emergency and temporary repairs, for consideration in settlement of the claim.  This will not increase the Limit of Insurance.

(5)  At our request, give us complete inventories of the damaged and undamaged property. Include quantities, cost, values, and amount of **"loss"** claimed.

(6)  As often as may be reasonably required, permit us to inspect the property and records proving the **"loss"**.

Also permit us to take samples of damaged and undamaged property for inspection, testing, and analysis, and permit us to make copies from your books and records.

(9)  Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

(10) Cooperate with us in the investigation or settlement of the claim.

**4.  Loss Payment**

a.  In the event of "loss" to Covered Property covered by this Coverage form, at our option, we will either:

(1) Pay the value of lost or damaged property;

(2) Pay the cost of repairing or replacing the lost or damaged property;

(3) Take all or any part of the property at an agreed or appraised value; or

(4) Repair, rebuild or replace the property with other property of like kind and quality.

5. **Coverage Extensions**

Except as otherwise provided, the following Coverage Extensions apply to property in or the **"buildings"** described in the Declarations or within 1,000 feet of the described premises....

j.  **Ordinance or Law**

If a Covered Cause of Loss occurs to a covered **"building"**, we will pay for:

(1) Loss to the undamaged portion of the **"building"** caused by enforcement of any ordinance or law that:

(a) Requires the demolition of parts of the same property not damaged by a Covered Cause of Loss; and

(b) Regulates the construction or repair of **"buildings"** or establishes zoning or land use requirements at the described premises.

This coverage is included within the Limit of Insurance applicable to the covered **"buildings"** shown in the UltimateCover Program Declarations.

(2) The cost to demolish and clear the site of undamaged parts of the property caused by enforcement of building, zoning or land use ordinance or law.

The most we will pay for such demolition costs if $300,000 in any one occurrence.

(3) We will pay for the increased cost to repair, rebuild or construct the property caused by enforcement of building, zoning or land use ordinance or law. If the property is repaired or rebuilt, it must be intended for similar occupancy as the current property, unless otherwise required by zoning or land use ordinance or law.

However, we will not pay for the increased cost of construction if the **"building"** is not repaired or replaced.

The most we will pay for such increased cost of construction is $300,000 in any one occurrence.

Insurance under this Coverage Extension applies only with respect to an ordinance or law that is in effect at the time of **"loss"**....

7.  **Valuation**

We will determine the value of Covered Property in the event of "loss" as follows:

a.  At replacement cost (without deduction for depreciation) as of the time of "loss", except as provided in b., c., d., e., f., g., and h. below.

  (1)  We will not pay more for "loss" on a replacement costs basis than the least of:

    (a)  The Limit of Insurance applicable to the lost or damaged property;

    (b)  The cost to replace the lost or damaged property with other property:

      (i)  Of comparable material and quality; and

      (ii)  Used for the same purpose; or

    (c)  The amount you actually spend that is necessary to repair or replace the lost or damaged property.

  (2)  We will not pay on a replacement cost basis for any "loss".

    (a)  Until the lost or damaged property is actually repaired or replaced; and

    (b)  Unless the repairs or replacement are made as soon as reasonably possible after the "loss".

    If the repairs or replacement are not made as soon as reasonably possible after the "loss", the value of the property will be actual cash value.

(2)  *Causes of Loss Form* (PI-ULT-008 11.98), modified by *Limitations on Fungus, Wet Rot, Dry Rot and Bacteria* endorsement (form PI-ULT-072 (10/10)):

**A.  Covered Causes of Loss**

Covered Causes of Loss means Risks of Direct Physical Loss unless the "loss" is:

**1.**  Excluded in Section B., Exclusions; or

**2.**  Limited in Section C., Limitations;

that follow.

**B.  Exclusions**

**2.**  We will not pay for "loss" caused by or resulting from any of the following:

    **d.**  **(1)**  Wear and tear;

        **(2)**  Rust, corrosion, decay, deterioration, spoilage, contamination, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

**3.**  We will not pay for "loss" caused by or resulting from any of the following.  But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

    **c.**  Faulty, inadequate or defective:

        **(2)**  Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(3)**  Materials used in repair, construction, renovation or remodeling; or

        **(4)**  Maintenance.

    Of part or all of any property on or off the described premises.

**C.  Limitations**

**1.**  We will not pay for "loss" to:

    **c.**  The interior of any "buildings", or to personal property in "buildings", caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless:

        **(1)**  The "buildings" first sustain damage by a Covered Cause of Loss to their roof or walls through which the rain, snow, ice, sand or dust enters; or

        **(2)**  The "loss" is caused by or results from thawing of snow, sleet or ice on the "buildings".

(3)  *Multiple Deductible Form (Fixed Dollar Deductibles)* endorsement (form PI-ULT-089 (06.05)):

---

## SCHEDULE*

The Deductibles applicable to any one occurrence are shown below:

| Prem. No. | Bldg. No. | Deductible | Covered Causes of Loss |
|---|---|---|---|
| 0006 | 0001 | 1000 | (2) |
| 0006 | 0001 | 25000 | (5) |
| 0006 | 0001 | 1000 | (2) |
| 0006 | 0001 | 25000 | (5) |

\*   Information required to complete this Schedule, if not shown above, will be shown in the Declarations.

\*\*   For each Deductible listed in this Schedule, enter the number corresponding to the Covered Cause(s) of Loss to which that Deductible applies (or enter the description):

**(1)** All Covered Causes of Loss

**(2)** All Covered Causes of Loss **except** those listed separately

**(3)** Water Damage

**(4)** Lightning

**(5)** Windstorm or Hail

**(6)** Theft

**(7)** "Ice Damming"

The following is added to the DEDUCTIBLE section:

A.   In the event that loss or damage occurs to Covered Property at more than one building location as a result of one occurrence, the largest applicable deductible for that Covered Cause of Loss, shown in the Schedule above or in the Declarations, will apply.

B.   The terms of this endorsement do not apply to any Earthquake Deductible or to any Windstorm or Hail Percentage Deductible.

(4)   *Limitations on Fungus, Wet Rot, Dry Rot and Bacteria* endorsement (form PI-ULT-072 (10/10)):

**A.   Coverage**

**1.**   We will pay for "loss" or damage by "fungus," wet or dry rot or bacteria that is the result of fire or lightning.

**2.   a.**   We will also pay for loss or damage by "fungus," wet or dry rot or bacteria that is the result of one or more of the following causes that occurs during the policy period. Coverage applies only if all reasonable means were used to save and preserve the property from further damage at the time of and after that occurrence.

---

**(1)** A "specified cause of loss" other than fire or lightning;

**(2)** Water that backs up or overflows from a sewer, drain or sump; or

**(3)** Water under the ground surface pressing on, or flowing or seeping through:

    **(a)** Foundations, walls, floors or paved surfaces;

    **(b)** Basements, whether paved or not;

    **(c)** Doors, windows or other openings; or

**(4)** "Flood," if the Flood Endorsement applies to the affected premises.

**b.** The term loss or damage as used in Item 2.a. means:

**(1)** Direct physical "loss" or damage to Covered Property caused by "fungus," wet or dry rot or bacteria, including the cost of removal of the "fungus," wet or dry rot or bacteria;

**(2)** The cost to tear out and replace any part of the building or other property as needed to gain access to the "fungus," wet or dry rot or bacteria; and

**(3)** The cost of testing performed after removal, repair, replacement or restoration of the damaged property is completed, provided there is a reason to believe that "fungus," wet or dry rot or bacteria are present.

**3.** The amount we will pay for coverage described in 2.a. above is limited as described in B. Limits of Insurance and C. Additional Conditions – Business Income and/or Extra Expense.

**B. Limits of Insurance**

**1.** The most we will pay for all "loss" or damage for coverage described in A.1. above is the Limit of Insurance for Covered Property shown in the Declarations.

**2.  a.** The most we will pay for all loss or damage for coverage described in A. 2. above is limited to $15,000:

**(1)** Regardless of the number of claims arising out of all occurrences which take place in a 12 month period, starting with the beginning of the present annual policy period; and

**(2)** Even if the "fungus," wet or dry rot or bacteria continues to be present or active, or recurs in a later policy period.

---

**b.** The $15,000 Limit of Insurance is included within, and is not in addition to, the applicable Limit of Insurance for any Covered Property.

(5) *Cosmetic Damage to Roof Caused By Hail* endorsement (manuscript form PI-MANU-2 (10/00):

We do not cover cosmetic loss or damage to roof coverings caused by the peril of hail.

Cosmetic loss or damage means only that damage that alters the physical appearance of the roof covering but does not result in damage that allows the penetration of water through the roof covering or does not result in the failure of the roof covering to perform its intended function, to keep out elements over an extended period of time.

We do cover hail damage to roof coverings that results in damage that will allow the penetration of water through the roof covering or that results in the failure of the roof covering to perform its intended function, to keep out elements over an extended period of time.

Roof Covering means the roofing material exposed to the weather, the underlayments applied for moisture protection, and all flashings required in the replacement of a roof covering.

(7) *Texas Changes* endorsement (form PI-ULT-043 01.01):

**A. Legal Action Against Us**

No one may bring a legal action against us under this Coverage Part unless:

**a.** There has been full compliance with all of the terms of this Coverage Part....

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

**2. Appraisal**

If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand. The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction.  Each

appraiser will state the amount of loss   If they fail to agree, they will submit the differences to the umpire.  A decision agreed to by any two will be binding as to the amount of loss.

k.    Pleading further and in the alternative, Defendant denies it is responsible under the insurance agreement for the claims Plaintiff has asserted in this lawsuit.

l.    Pleading further and in the alternative, Defendant asserts a reasonable basis existed for denial, delay or limitation, if any, of the claims Plaintiff has asserted in this lawsuit.

m.    Pleading further and in the alternative, Defendant would show that Plaintiff's damages, if any, are capped by the limits reflected for such amounts in the applicable policy of insurance.

n.    Pleading further and in the alternative, and with regard to Plaintiff's claim for punitive damages, Defendant affirmatively pleads the limitations on the recovery of punitive damages contained in Section 41.008 of the Texas Civil Practice and Remedies Code.

## PRAYER

BASED ON THE FOREGOING, Defendant Philadelphia Indemnity Insurance Company prays that upon final hearing and trial, Plaintiff Vogt Properties, Inc.'s claims and causes of action be dismissed with prejudice, that such Plaintiff take nothing by its claims and causes of action, and that the Defendant obtain all such other relief to which it may be entitled.

Respectfully submitted,

KANE RUSSELL COLEMAN LOGAN PC


By: __/s/   William R. Pilat__

    William R. Pilat
    State Bar No. 00788205
    Email: wpilat@krcl.com
    Andrew J. Mihalick
    State Bar No. 24046439
    Email: amihalick@krcl.com
5051 Westheimer Road, 10th Floor
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700

    Bradford T. Smith
    State Bar No. 24070634
    Email: bsmith@krcl.com
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: 214-777-4200
Facsimile: 214-777-4299


## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017, a true and correct copy of the foregoing *Defendant's Original Answer* was forwarded to all other counsel of record, as listed below, via electronic filing through the ESP for the Collin County District Courts:

Kelly Utsinger
Benjamin D. Doyle
UNDERWOOD LAW FIRM P.C.
500 South Taylor, Suite 1200
P.O. Box 9158
Amarillo, Texas 79104

    __/s/   William R. Pilat__
    William R. Pilat

---

CAUSE NO. 380-02720-2017

| | | |
|---|---|---|
| VOGT PROPERTIES, INC., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | 380TH JUDICIAL DISTRICT |

## DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE JUDGE OF THIS COURT:

PLEASE TAKE NOTICE that pursuant to federal law, **Philadelphia Indemnity Insurance Company**, the Defendant in the above-numbered and entitled cause, has filed with the Clerk of the United States District Court for the Eastern District of Texas, Sherman Division, a *Notice of Removal*, a copy of which is attached to and filed with this Notice as **Exhibit "A,"** and that this action is removed to the United States District Court for the Eastern District of Texas for trial as of this date, July 19, 2017. This Court is respectfully requested to take no further action in this matter, unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: _/s/ William R. Pilat_
      William R. Pilat
      State Bar No. 00788205
      Email: wpilat@krcl.com
      Andrew J. Mihalick
      State Bar No. 24046439
      Email: amihalick@krcl.com
5051 Westheimer Road, Suite 1000
Houston, Texas 77056
Telephone: 713-425-7400
Facsimile: 713-425-7700

      Bradford T. Smith
      State Bar No. 24070634
      Email: bsmith@krcl.com
3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: 214-777-4200
Facsimile: 214-777-4299

**ATTORNEYS FOR DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that on July 19, 2017, , a true and correct copy of the foregoing *Notice of Removal to Federal Court* was forwarded to all other counsel of record, as listed below, via e-Filing with the electronic service provider for the Collin County District Courts:

Kelly Utsinger
Benjamin D. Doyle
UNDERWOOD LAW FIRM P.C.
500 South Taylor, Suite 1200
P.O. Box 9158
Amarillo, Texas 79104

/s/   *William R. Pilat*
William R. Pilat